UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAY, BRIAN ESPOSITO, SAMUEL
LADD and JENNA MILLER, on behalf of themselves
and all others similarly situated,

**FLSA COLLECTIVE AND
CLASS ACTION COMPLAINT**

**ECF Case**

**1:16-cv-**_____

Plaintiffs,

- v -

1650 BROADWAY ASSOCIATES INC. d/b/a
ELLEN'S STARDUST DINER, KEN STURM, and
ELLEN STURM, jointly and severally,

Defendants.

Plaintiffs, KEVIN RAY, BRIAN ESPOSITO, SAMUEL LADD, and JENNA MILLER,

individually, and on behalf of all others similarly situated, by and through their counsel Eisner &

Dictor, P.C. and Roger J. Bernstein, upon personal knowledge as to themselves and upon

information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit is a collective and class action brought under the Fair Labor Standards

Act ("FLSA") and the New York Labor Law ("NYLL") and supporting New York State

Department of Labor Regulations that seeks to recover unpaid minimum wages, unpaid overtime,

and gratuities that defendants improperly withheld from plaintiffs.

2.     Defendants have deprived plaintiffs and their co-workers of minimum wages and

overtime pay since at least on or about December 21, 2013, in violation of the FLSA, 29 U.S.C. §

201, *et seq.*

1

3.    Defendants have deprived plaintiffs and their co-workers of minimum wages, overtime pay and gratuities since at least on or about December 21, 2010, in violation of the NYLL.

## JURISDICTION AND VENUE

4.    With respect to the federal claims asserted herein the Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

5.    With respect to the state claims asserted herein the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Upon information and belief based on information provided by plaintiffs, who are or were employees of defendants, 1650 Broadway Associates Inc. d/b/a Ellen's Stardust Diner (hereinafter "Ellen's Stardust Diner") is an enterprise whose gross volume of sales made, or business done, is in excess of $500,000. Specifically, upon information and belief, based on information provided by the plaintiffs, Ellen's Stardust Diner is a popular restaurant that is a famous Manhattan tourist attraction. Ellen's Stardust Diner's singing staff has been featured in numerous publications, including The New York Times, Playbill and New York Magazine. As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

7.    Upon information and belief as well as first-hand knowledge of plaintiffs, Ellen's Stardust Diner regularly purchases goods and materials in interstate commerce and plaintiffs regularly handled such goods. Specifically, defendants advertise on their website that they serve French Roasted Colombian Coffee and Imported Herb Teas. Ellen's Stardust Diner's website can be retrieved at the following URL: http://www.ellensstardustdiner.com/catering/.

2

8.     Venue is proper in this District because Ellen's Stardust Diner conducts business in this judicial district, and the acts and/or omissions giving rise to the claims asserted herein took place in this District.

## THE PARTIES

### DEFENDANTS:

9.     Defendant 1650 Broadway Associates Inc. d/b/a Ellen's Stardust Diner is a New York State corporation. Ellen's Stardust Diner is a multi-story 1950's-themed diner with singing servers. 1650 Broadway Associates Inc.'s principal office is located at 1650 Broadway, New York, NY 10019.

10.     Defendant Ken Sturm is a co-owner of 1650 Broadway Associates Inc. and a manager of Ellen's Stardust Diner located at 1650 Broadway New York, NY 10019. Defendant Ken Sturm is a natural person engaged in business in the City and County of New York, and as owner of 1650 Broadway Associates Inc., is being sued individually in his capacity as an owner. Defendant Ken Sturm is plaintiffs' employer as defined by FLSA, 29 U.S.C. 203(d) and NYLL § 190, as at all times material herein he has had the authority to hire and fire employees and has established and exercised authority regarding the pay practices at 1650 Broadway Associates Inc. Upon information and belief, defendant Ken Sturm is and/or has been a "shareholder" of 1650 Broadway Associates Inc. within the meaning of New York Business Corporations Law § 630 at all times relevant to this action.

11.     Defendant Ellen Sturm is a co-owner of 1650 Broadway Associates Inc. and its Chief Executive Officer. Upon information and belief, defendant Ellen Sturm is and/or has been a "shareholder" of 1650 Broadway Associates Inc. within the meaning of New York Business Corporations Law § 630 at all times relevant to this action. Furthermore, upon information and

3

belief, defendant Ellen Sturm has or has had control over all employment practices at 1650 Broadway Associates Inc., including wages, scheduling and the hiring and firing of employees within the past six years and is a covered employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190.

12.     Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this Complaint, as the individual defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

13.     Plaintiffs intend to name as defendants all individuals or entities that had and have sufficient control over defendants' enterprise to make them liable for plaintiffs' claims under the FLSA and NYLL. By naming 1650 Broadway Associates Inc. d/b/a Ellen's Stardust Diner as a defendant, plaintiffs intend to give notice to all such individuals of the claims for which they may be liable. After a reasonable opportunity for further investigation or discovery, plaintiffs will likely have evidentiary support to identify and name additional individuals or entities that did business as 1650 Broadway Associates Inc. d/b/a Ellen's Stardust Diner, or a subsidiary thereof, and to add those persons or entities as named defendants.

**PLAINTIFFS:**

14.     Plaintiff Kevin Ray ("Ray") is a resident of New York County and a former employee of defendants.

15.     Ray was employed as a server by defendants from July 5, 2005 to September 15, 2016.

16.     Plaintiff Brian Esposito ("Esposito") is a resident of Queens County and a current employee of defendants.

4

17.     Esposito has been employed as a server by defendants since on or about November 15, 2013 at Ellen's Stardust Diner located at 1650 Broadway, New York, NY 10019.

18.     Plaintiff Samuel Ladd ("Ladd") is a resident of New York County and an employee of defendants.

19.     Ladd has been employed as a server by defendants since on or about April 1, 2013 at Ellen's Stardust Diner located at 1650 Broadway, New York, NY 10019.

20.     Plaintiff Jenna Miller ("Miller") is a resident of Atlantic County, New Jersey and a former employee of defendants.

21.     Miller was employed as a server by defendants from on or about September 15, 2008, until September 15, 2016 at Ellen's Stardust Diner located at 1650 Broadway, New York, NY 10019. Throughout each plaintiff's employment at Ellen's Stardust Diner, defendants claimed a tip credit towards each plaintiff's minimum hourly rate of pay for each and every hour that plaintiffs worked for defendants as a server.

22.     As servers at Ellen's Stardust Diner, plaintiffs performed personal services for patrons as a principal and regular part of their duties. Specifically, as servers, plaintiffs waited on patrons, took food and drink orders, and entertained customers as they ate.

23.     Throughout each plaintiff's employment at Ellen's Stardust Diner, defendants wrongfully required plaintiffs to share their daily tips with other employees who were not eligible to participate in an employer's mandatory tip-sharing scheme. Furthermore, defendants improperly retained portions of mandatory gratuity payments that defendants charged to patrons who purchased all-inclusive Party Packages from Ellen's Stardust Diner.

24.     As a result of defendants' policies of retaining portions of charges purported to be gratuities and requiring plaintiffs to share their tips with ineligible employees, defendants were

disqualified from claiming a tip-credit towards plaintiffs' minimum hourly rate of pay. By wrongfully claiming a tip-credit towards plaintiffs' minimum hourly rate of pay, defendants failed to pay plaintiffs at the minimum wage rate required by the FLSA and New York Labor Law.

25.     By wrongfully claiming a tip-credit towards plaintiffs' minimum hourly rate of pay, defendants also failed to pay plaintiffs at the overtime rate required by the FLSA and New York Labor Law for all hours worked by plaintiffs in excess of forty per workweek.

26.     Throughout their employment with defendants, plaintiffs were required to record their hours worked by punching in and out using the defendants' computerized Point of Service System.

27.     Throughout their employment with defendants, plaintiffs periodically worked in excess of forty hours per workweek. Nonetheless, throughout their employment with defendants, defendants capped the number of hours for which plaintiffs were paid at forty per workweek. Upon information and belief, on weeks that plaintiffs worked in excess of forty hours, defendants' payroll department would reduce the number of hours plaintiffs had recorded in the defendants' Point of Service System to be less than or equal to forty. By doing so, defendants failed to pay plaintiffs at the required overtime rate for hours worked in excess of forty per workweek in violation of the FLSA and New York Labor Law.

## DEFENDANTS' UNLAWFUL GRATUITY POLICIES

28.     At all relevant times, servers at Ellen's Stardust Diner have directly received gratuities from patrons. At the end of each shift, each server was paid in cash for the tips that they received during that shift.

29.     From December 21, 2010 until on or about June 1, 2016, defendants employed non-service bartenders at Ellen's Stardust Diner.

6

30.     From December 21, 2010, until on or about June 1, 2016, non-service bartenders did not perform, or assist in performing personal services to patrons as a principal and regular part of their duties. Specifically, non-service bartenders did not wait on patrons of the restaurant, did not take orders directly from patrons for food or drinks, and were not directly tipped by patrons. Even if customers were seated at the bar, they were required to order all food and drink through the server designated to that section of the restaurant.

31.     From December 21, 2010 until June 1, 2016, defendants required each server to share a portion of their gross tips with the defendants' non-service bartender employees. Specifically, defendants required each server to pay the non-service bartenders ten (10) percent of the server's gross tips per shift.

32.     From December 21, 2010 until June 1, 2016, defendants' non-service bartender employees were ineligible to receive tips as part of the defendants' mandatory tip-sharing scheme, pursuant to 12 N.Y.C.R.R. § 146-2.14

33.     From January 1, 2011 until on or about April 15, 2016, defendants employed individuals, known as Sweet Shop Employees, to perform the exclusive function of placing desserts on plates in accordance with customer orders.

34.     From January 1, 2011 until on or about April 15, 2016, Sweet Shop Employees did not perform, or assist in performing personal services to patrons as a principal and regular part of their duties. Specifically, Sweet Shop Employees did not wait on patrons of the restaurant, did not take orders directly from patrons for food or drinks, and were not directly tipped by patrons. Sweet Shop Employees were stationed behind the defendants' dessert case and did not interact directly with customers.

35.     From at least January 1, 2011 until on or about April 15, 2016, defendants required

7

each server to share three (3) to five (5) dollars of their tips, per shift, with the Sweet Shop Employees.

36.     From January 1, 2011 until on or about April 15, 2016, defendants' Sweet Shop Employees were ineligible to receive tips as part of the defendants' mandatory tip-sharing scheme, pursuant to 12 N.Y.C.R.R. § 146-2.14.

37.     From December 21, 2010 until the date of this action, patrons of Ellen's Stardust Diner have been able to purchase package deals for parties of at least twenty (20) individuals ("Party Packages").

38.     Party Packages are all-inclusive and consist of a fixed menu that is made available to patrons for a set price per person. Patrons are advised that the total cost of a Party Package includes gratuity.

39.     From December 21, 2010 until at least the date of this action, when a patron has paid for a Party Package with a credit or debit card at the end of their meal, the patron's server pre-authorized the credit or debit card for the amount due. After preauthorizing the card for the amount due, the server would return the credit or debit card to the patron, along with an itemized receipt. The patron would have the option of adding a gratuity to the amount preauthorized on the receipt by writing in the amount of the intended tip.

40.     From December 21, 2010 until at least the date of this action, the receipts provided to Party Package customers following preauthorization have stated that an eighteen (18) percent gratuity had already been added to the bill.

41.     From December 21, 2010 until at least the date of this action, customers have been discouraged from leaving an additional gratuity as a result of the included gratuity listed on the receipts.

42.     From December 21, 2010 until the date of this action, defendants have unlawfully retained three (3) percentage points of the eighteen (18) percent gratuities charged to patrons who purchased Party Packages, resulting in 15% being available to plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons employed by defendants as a server at the 1650 Broadway, New York, New York 10019 location, on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

44.     At all relevant times, plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and a half times the regular hourly rate for work in excess of forty (40) hours per workweek.

45.     Specifically, defendants have willfully violated plaintiffs' and FLSA Collective Plaintiffs' rights through defendants' unlawful practice of requiring plaintiffs and the FLSA Collective Plaintiffs to share their daily tips with ineligible participants, *i.e.,* the Sweet Shop Employees and bartenders.

46.     The First Claim for Relief is properly brought under and maintained as opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and for other purposes related to this action, their names and addresses are readily available from the defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to defendants.

## RULE 23 CLASS ACTION ALLEGATIONS – NEW YORK

47.      Plaintiffs bring the Third, Fourth and Fifth Claims for Relief pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on behalf of all persons employed by the defendants as a server at the 1650 Broadway, New York, New York 10019 location, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

48.      All said persons, including plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under F.R.C.P. 23.

49.      The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number will be based are presently within the sole control of the defendants, upon information and belief derived from plaintiffs' observations there are more than one hundred (100) members of the class. Accordingly, the numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied.

50.      There are questions of law and fact common to the class as required by Fed. R. Civ. P. 23(a)(2). All the Class members were and are subject to the same practices of defendants, as alleged herein, of unlawfully requiring servers to share tips with ineligible employees, including non-service bartenders and Sweet Shop Employees, resulting in unlawful tip credits and denial of minimum wage and overtime compensation. Plaintiffs and the Class were also subject to illegal

10

retention of plaintiffs' and Class members' tips from Party Packages. Defendants' corporate-wide policies and practices affected all Class members similarly, and defendants improperly benefitted from the same type of wrongful acts as to each Class member.

51.     Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs sustained losses, injuries and damages similar to those of all class members in that plaintiffs' claims arise from the same policies, practices and procedures of the defendants that have been imposed on other servers. Plaintiffs' claims could be alleged by any member of the Class, and the relief they seek is typical of the relief which would be sought by each member of the Class in separate actions. Accordingly, the typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied.

52.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in many FLSA and New York Labor Law cases in this District. Accordingly, the requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.

53.     The requirements of Rule 23(b)(3) for class certification are satisfied in that:

A.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

i.     Whether each defendant employed plaintiffs and the Class members within the meaning of federal law;

ii.    Whether each defendant employed plaintiffs and the Class members within the meaning of New York law;

iii.   Whether defendants required plaintiffs and the Class members to share their tips with ineligible employees.

iv.     Whether defendants improperly claimed a tip-credit towards the minimum wages of plaintiffs and the Class members.

v.      Whether defendants paid plaintiffs and the Class members the Federal and New York State minimum wage for all hours worked;

vi.     Whether defendants willfully failed to pay plaintiffs and the Class members at the overtime rate for all hours worked in excess of forty (40) hours per standard forty (40) hour workweek; and

vii.    Whether defendants unlawfully retained portions of plaintiffs' and Class members' tips.

B. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action certification will allow a large number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would engender. The issues in this action can be decided by means of common, class-wide proof. In addition, because the losses, injuries and damages suffered by each of the Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs that have resulted from defendants' unlawful conduct. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

## FIRST CLAIM FOR RELIEF
### (FLSA Claims, 29 U.S.C. §§ 201 *et seq.*)
### Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

54.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth fully herein.

55.     At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

56.     At all relevant times, defendants have employed Plaintiffs and the FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

57.     At all relevant times, defendants were required to pay Plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

58.     Upon information and belief, throughout the period covered by the applicable statute of limitations, defendants knowingly failed to pay plaintiffs the required minimum wage under the FLSA for each hour worked. and

59.     Upon information and belief, throughout the period covered by the applicable statute of limitations, defendants required plaintiffs and the FLSA Collective Plaintiffs to share tips with ineligible employees at the end of each shift, thereby disqualifying defendants from claiming a tip-credit towards the minimum hourly rate of pay for plaintiffs and the FLSA Collective Plaintiffs.

60.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (FLSA Claims, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

61.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth fully herein.

62.     At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

63.     At all relevant times, defendants have employed Plaintiffs and the FLSA Collective Plaintiffs as "employees" within the meaning of the FLSA, 29 U.S.C. § 203.

64.     Throughout the period covered by the applicable statute of limitations, defendants were required to pay Plaintiffs and the FLSA Collective Plaintiffs the at the overtime rate (one-and-a-half times the regular rate) for all hours Plaintiffs and the FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

65.     Throughout the period covered by the applicable statute of limitations and upon information and belief as to Class members, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

66.     At all times relevant and upon information and belief, defendants repeatedly and willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

67.     Plaintiffs and the FLSA Collective Plaintiffs seek, and are entitled to recover, damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

14

## THIRD CLAIM FOR RELEIF

### (New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the Class)

68.     Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth fully herein.

69.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly paid Plaintiffs and the members of the Class for all hours worked, less than the New York State Minimum Wage in violation of NYLL and supporting regulations of the New York State Department of Labor.

70.     Plaintiffs and the Class seek and are entitled to recover damages to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre-and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### (New York State Minimum Wage Act – Overtime Claim, NYLL §§ 650 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the Class)

71.     Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth fully herein.

72.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay Plaintiffs and the members of the Class at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL and supporting regulations of the New York State Department of Labor.

73.     Plaintiffs and the Class seek and are entitled to recover damages for their unpaid

overtime compensation, damages pursuant to NYLL, Article 6 § 198, attorneys' fees, costs, pre-and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### (Illegal Pay Deductions and Deductions From Gratuities, N.Y. Lab. L. § 196-d Brought by Plaintiffs on Behalf of Themselves and the Class)

74.    Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth fully herein.

75.    Defendants routinely and willfully withheld portions of a gratuity charge paid by customers who hosted parties at Ellen's Stardust Diner, located at 1650 Broadway, New York, New York 10019.

76.    As a result of defendants' willful and unlawful conduct, Plaintiffs and the Class members seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves, the FLSA Collective Plaintiffs, and the members of the Class, pray for a judgment in their favor and against defendants for the following relief:

a.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

c. Certification of this action as a class action pursuant to F.R.C.P. 23 with respect to plaintiffs' Third, Fourth and Fifth Causes of Action;

d. Designation of Plaintiffs as Representatives of the Rule 23 Class;

e. An order declaring that the defendants violated the FLSA;

f. An order declaring that the defendants' violations of the FLSA were willful;

g. An order declaring that the defendants violated the NYLL;

h. An order declaring that the defendants' violations of NYLL were willful;

i. An award of minimum wage compensation under the FLSA and NYLL;

j. An award of overtime compensation under the FLSA and NYLL;

k. An award of liquidated damages pursuant to the FLSA;

l. An award of liquidated damages for violations of NYLL;

m. An award for reimbursement for unlawful deductions from gratuities under NYLL;

n. All penalties available under the applicable laws;

o. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663, and all other applicable statutes;

p. Pre- and post-judgment interest as provided by law; and

q. Such other relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: New York, New York
       December 21, 2016

                                    Respectfully submitted,


ROGER J. BERNSTEIN                           EISNER & DICTOR, P.C.

5354 Fifth Avenue, 35th Floor        By: _____
(RB1228)                                     Benjamin N. Dictor (BD5419)
New York, New York 10017                     39 Broadway, Ste. 1540
(212) 748-4800                               New York, NY 10006
rbernstein@rjblaw.com                        (212) 473-8700
*Co-Counsel for Plaintiffs*                  ben@eisnerdictor.com
                                             *Co-Counsel for Plaintiffs*