# DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, DC

**MICHAEL T. BISSINGER**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054
T: (973) 966 8036  F: (973) 206 6081
mbissinger@daypitney.com

August 9, 2017

**VIA ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

      Re:    Ray et al v. 1650 Broadway Associates Inc. et al.
                Civil Action No. 1:16-cv-09858-VSB

Dear Judge Broderick:

      Defendants 1650 Broadway Associates, Inc. d/b/a Ellen's Stardust Diner ("Stardust") and Kenneth Sturm submit this letter in response to plaintiffs' letter dated August 8, 2017 (Docket No. 127) requesting that the Court forgo its pre-motion conference and issue a briefing schedule for three (3) separate motions plaintiffs seek to file. Defendants object to that request.

      First, the brief delay in scheduling the pre-motion conference is not, as plaintiffs' letter inaccurately represents, just due to conflicts involving defense counsel and the Court's schedule. In fact, counsel for plaintiffs are also unavailable for a block of time from late August through early September—so all parties have conflict issues with a "short notice" pre-motion conference.

      Second, plaintiffs are attempting to circumvent the Court's pre-motion process due to a belated argument of "exigence" on the FLSA claim, when plaintiffs waited many years before bringing this lawsuit. In addition, this is the first notice they have submitted to the Court seeking to move for conditional certification of the FLSA claims (and issue an opt-in notice) after filing the litigation in December 2016. Thus, the "delay" on this issue rests squarely with plaintiffs.

      Likewise, the request to file a motion to add a "retaliation" claim to the lawsuit does not warrant an emergent schedule, and it should be summarily rejected since Stardust has every right to file a counterclaim and seek restitution for the egregious pattern of theft committed by many of the plaintiffs. Most certainly, there is no basis for injunctive relief based upon the allegations in plaintiffs' prior letter to the Court.

      Finally, an obvious purposes of the pre-motion conference is to confirm whether motions are really necessary, viable, and appropriate--before wasting the time and expense of filing briefs. If the parties proceed as plaintiffs suggest, these goals will be undermined since they want the Court to set a briefing schedule (and we assume submit briefs and other supporting papers), before the pre-motion conference occurs. Accordingly, Defendants request that the

97802361.1

DAY PITNEY LLP

The Honorable Vernon S. Broderick, U.S.D.J.
August 9, 2017
Page 2

Court schedule the pre-motion conference for either October 13th or 27th, one of the two dates proposed by Your Honor's clerk. Counsel for plaintiffs have not advised that either date presents a conflict, and we should proceed with the pre-motion conference at that time.

                                    Respectfully submitted,

                                    /s/MICHAEL T. BISSINGER

                                    Michael T. Bissinger
                                    *Pro Hac Vice*

cc:    Roger Joel Bernstein, Esq. (via ECF and first class mail)
        Thomas John Lamadrid, Esq. (via ECF and first class mail)
        Benjamin Nathan Dictor, Esq. (via ECF and first class mail)

97802361.1