```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
KEVIN RAY, BRIAN ESPOSITO, SAMUEL                          :
LADD, and JENNA MILLER, Individually                       :
and on Behalf of Others Similarly Situated,                :
                                                           :
                              Plaintiffs,                  :
                                                           :
                 - against -                               :
                                                           :
                                                           :
                                                           :
1650 BROADWAY ASSOCIATES INC. d/b/a                        :
Ellen's Stardust Diner and Kenneth Sturm,                  :
Jointly and Severally,                                     :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

16-CV-9858 (VSB)

**OPINION & ORDER**

Appearances:

Benjamin Nathan Dictor
Thomas John Lamadrid
Eisner & Mirer, P.C.
New York, NY
*Counsel for Plaintiffs*

Roger J Bernstein
New York, NY
*Counsel for Plaintiffs*

Michael T. Bissinger
Day Pitney, L.L.P.
New York, NY 10036
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Kevin Ray, Brian Esposito, Samuel Ladd and Jenna Miller ("Named Plaintiffs"

or "Plaintiffs") bring this instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law

§ 650 *et seq.*, against Defendants 1650 Broadway Associates, Inc. d/b/a Ellen's Stardust Diner ("Ellen's") and Kenneth Sturm ("Defendants").  Before me is Plaintiff's unopposed motion seeking an order:  1) granting preliminary approval of the Class Action Final Settlement Agreement and Mutual Releases (the "Settlement Agreement"); 2) conditionally certifying the proposed classes; 3) appointing Named Plaintiffs as class representatives; 4) appointing Eisner & Dictor, P.C. and Roger J. Bernstein ("Plaintiffs' Counsel") as class counsel; 5) approving the proposed Notice of Class and Collective Action Settlement ("Class Notice"); 6) appointing Rust Consulting as the settlement claims administrator; and 7) scheduling a Final Approval Hearing.  For the reasons set forth below, Plaintiff's unopposed motion is GRANTED.

### I.      Factual Background

1650 Broadway Associates Inc. is a New York corporation doing business as Ellen's Stardust Diner, a diner located at 1650 Broadway, New York, New York 10019.  (Am. Compl. ¶ 9.)[1]  Kenneth Sturm is a co-owner of 1650 Broadway Associates Inc. and a manager of Ellen's.  (*Id.* ¶ 10.)

The Named Plaintiffs are current and former employees of Ellen's.  (Dictor Decl. ¶ 5.)[2] Kevin Ray ("Ray") was employed as a server from July 5, 2005 to September 15, 2016.  (Am. Compl. ¶ 16.)  Brian Esposito ("Esposito") has worked as a server at Ellen's since November 2013.  (*Id.* ¶ 20.)  Samuel Ladd ("Ladd") has been employed as a server since April 2013.  (*Id.* ¶ 25.)  Jenna Miller ("Miller") worked as a served from September 2008 until September 2016. (*Id.* ¶ 29.)  The Named Plaintiffs allege that Defendants 1) failed to pay proper minimum wages; 2) improperly distributed tip credits by requiring servers to share tips with ineligible employees;

---

[1] "Am. Compl." refers to Named Plaintiffs' Amended Complaint filed on May 25, 2017.  (Doc. 112.)

[2] "Dictor Decl." refers to Plaintiffs' counsel Benjamin Dictor's November 7, 2019 declaration in support of Plaintiff's motion for preliminary settlement approval.  (Doc. 169-2.)

2

3) withheld portions of gratuity charges from customers who hosted parties at Ellen's; and 4) provided wage statements that did not accurately report the number of hours worked, and failed to show the regular hourly rate of pay and the tip credit amount Defendants claimed.  (Dictor Decl. ¶ 10.)

## II.     Procedural History

The Named Plaintiffs filed their complaint alleging FLSA and NYLL violations against Defendants on December 21, 2016 ("Complaint").  (Doc. 1.)  On February 17, 2017, Defendants submitted a letter requesting a pre-trial conference in connection with a potential motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 96.)  By endorsement dated February 23, 2017, I granted Defendants' request for a pretrial conference.  (Doc. 100.)  The parties appeared before me on April 28, 2017.  Following the pre-motion conference, the parties submitted a joint status letter on May 12, 2017.  (Doc. 106.)  On May 25, 2017, Plaintiffs filed an amended complaint ("Amended Complaint").  (Doc. 112.)  Defendants filed an answer to the Amended Complaint with counterclaims against Named Plaintiffs and claims against non-party former employees identified as Third-Party Defendants on July 12, 2017.  (Doc. 118.)  Defendants brought claims and counterclaims for conversion, civil theft, aiding and abetting, breach of the duty of loyalty and fiduciary duty, unjust enrichment, fraud and theft by deception, and violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  (*Id.*)

In August 2018, after six months of exchanging discovery, the parties agreed to conduct mediation before Carol Wittenberg.  (Pls.' Mem. 6; Dictor Decl. ¶ 25).[3]  The parties—including Named Plaintiffs—attended a day-long mediation session on November 9, 2018.  (Pls.' Mem. 7.)

---

[3] Pls.' Mem. refers to the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class & Collective Action Settlement, filed on November 7, 2019.  (Doc. 169.)

3

During the mediation, the parties agreed on a settlement amount and other settlement issues. The parties continued to negotiate outstanding issues and executed a Memorandum of Understanding on November 26-27, 2018. *Id.* Plaintiffs filed the unopposed motion currently before me on November 7, 2019. (Doc. 169.)

### III. Legal Standard

Under the FLSA, employees may pursue collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. *See* 29 U.S.C. § 216(b). A district court may implement § 216(b) by "facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted). The court may also direct a defendant employer to disclose the names and addresses of potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989).

In the Second Circuit there is a two-step certification process for FLSA opt-in collective actions. *Myers*, 624 F.3d at 554–55. At the first stage, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. In order to achieve conditional certification, plaintiffs must make only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The key element of that showing is a shared unlawful policy; that is, while the proposed collective need not be identical in every possible respect, its potential members must be similarly situated with respect to the allegedly unlawful policy or practice." *Korenblum v. Citigroup, Inc.*, 195 F. Supp.

4

3d 475, 479 (S.D.N.Y. 2016) (internal quotation marks omitted).  "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008).  Although "[u]nsupported assertions" are not sufficient to certify a collective action, the Second Circuit has emphasized that the standard of proof at this initial stage should remain "low" because "the purpose of this . . . stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555.  The court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage.  *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985, at *3 (S.D.N.Y. July 13, 2015) (quoting *Lynch v. United Serv's. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y.2007)).  The court may, however, "evaluate the sufficiency of plaintiffs' pleadings." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013).  As Judge Paul A. Engelmayer observed in *Trinidad*, "[t]he court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management, *Hoffmann–La Roche* [], 493 U.S. [at 174]; *Myers* [], 624 F.3d [at 555 n.10], and it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations . . . [i]t makes little sense to certify a collective action based on manifestly deficient pleadings." *Id.*; *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff.").  If the court finds that the plaintiffs have satisfied their burden, it may exercise its discretionary power to conditionally certify the

5

collective action and facilitate notice to the potential class members. *See Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010).

After completing discovery, a defendant may move to challenge certification, initiating the second stage of conditional certification. *See Myers*, 624 F.3d at 555. At this stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," and "[t]he action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*; *see also Viriri v. White Plains Hospital Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017) ("After discovery is completed, if it appears that some or all members of a conditionally certified class are not similarly situated, a defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated." (internal quotation marks omitted)).

IV. **Discussion**

    A. *Preliminary Approval of the Settlement Agreement*

For the reasons set forth below, I conditionally approve the settlement agreement. District courts have discretion to approve proposed class action settlements. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re*

6

*Traffic Exec. Ass'n—E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver v. Great Jones Restaurant*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013) (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

I have reviewed the proposed Settlement Agreement, and I find that it is the result of arm's length negotiation between the parties who were aided in reaching agreement by a neutral mediator.  The terms are within the range of possible settlement approval.  The proposed Settlement Agreement contains a general release provision that requires Named Plaintiffs to release Defendants "from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of Preliminary Approval Order, whether known or unknown, asserted or unasserted."  Section 4(1)(C).  The provision also provides a non-exhaustive list of state and federal claims Named Plaintiffs must waive.

Generally, "courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, No. 16-CV-1795 (PAE), 2016 WL 7177510, at *1 (S.D.N.Y. Dec. 8, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).  However, "[broad] releases

7

are deemed acceptable where they serve as consideration for service awards for Class Representatives." *Bondi v. DeFalco*, No. 17-CV-5681 (KMK), 2020 WL 2476006, at *6 (S.D.N.Y. May 13, 2020) (internal quotation marks omitted).  Because the general release is consideration for the receipt of Named Plaintiff's Service Awards, Sec. 3.3(C), I find that it is reasonable.[4]  As such, I preliminarily approve the proposed Settlement Agreement.

### B.     *Conditional Certification of the Proposed Class*

Plaintiffs request certification of two settlement classes:  (1) a FLSA collective settlement class (the "FLSA Collective Class") comprised of 91 former and current servers for claims under the FLSA, and (2) a Rule 23 New York settlement class (the "Rule 23 Class") comprised of 256 former and current servers for any claims under the New York Labor Law.  (*See* Pls.' Mem. 9.)  I first discuss the statute of limitations, and then will address the two settlement classes.

#### 1.   Statute of Limitations

Under the FLSA, plaintiffs are generally afforded two years to file a claim from the time the cause of action accrued unless the violation is "willful," in which case plaintiffs are afforded three years.  *See* 29 U.S.C. § 255(a); *see also Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013).  A FLSA cause of action "accrues on the next regular payday following the work period when services are rendered."  *Fakir v. Skyrise Rock Corp.*, No. 16-CV-4695 (JPO), 2016 WL 7192095, at *3 (S.D.N.Y. Dec. 12, 2016) (quoting *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013 (citing 29 C.F.R. § 790.21(b)))).  The statute of limitations for New York Labor Law claims is six years.  NYLL § 663(3).

The Named Plaintiffs allege the Defendants' violations were willful.  (Compl. ¶¶ 78–79, 94, 97–98, 101–05, 111, 114–15, 119–22.)  Defendants contend that their actions were not

---

[4] I note that the General Release does not apply to other members of the class.

willful.  (Defs.' Answer 21.)  Where the parties dispute willfulness, courts apply a three-year statute of limitations.  *Iriarte v. Cafe 71, Inc.*, No. 15 CIV. 3217 (CM), 2015 WL 8900875, at *5 (S.D.N.Y. Dec. 11, 2015).  However, while Named Plaintiffs acknowledge that the FLSA statute of limitations means the FLSA Collective Class can only assert claims for two to three years and the Rule 23 Class covers six years of NYLL claims, Named Plaintiffs intend to compensate all servers under the same formula.  Named Plaintiffs cite the similarities between FLSA liability and NYLL liability as justification for using the same compensation formula.  (Pls.' Mem. 9–10, n.5; Dictor Decl. ¶ 68.)  Named Plaintiffs use the same notice period for FLSA Collective Class and Rule 23 class members.  Courts in this Circuit have granted six-year notice periods where the "economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations" counsels in favor of doing so.  *Iriarte*, 2015 WL 8900875, at *5.  A six-year notice period for both FLSA and NYLL is appropriate where "employees [have] both timely FLSA and state law claims, and the total number of potential plaintiffs does not appear to be so large that requiring the defendants to provide information for employees dating back six years would be unduly burdensome or disruptive to [the] defendant's business operations."  *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 CIV.7557 JGK, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011) (internal quotation marks omitted).  In this case, each of the 91 FLSA Collective Class members are also members of the Rule 23 Class.  As such, a six-year notice period is appropriate.

### 2. Proposed Rule 23 Class

I provisionally certify the proposed Rule 23 Class.  Under Rule 23, the proposed class must be "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class

9

representative or representatives who adequately represent the interests of the class." *Myers*, 624 F.3d at 547; Fed. R. Civ. P. 23(a).  Furthermore, the proposed class must satisfy one of the elements Rule 23(b).

In light of the fact that the Rule 23 Class has 256 members, (Dictor Decl. ¶ 37), Plaintiffs satisfy the numerosity requirement. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (concluding "numerosity is presumed at a level of 40 members"); *Alvarez v. Schnipper Restaurants LLC*, No. 16 CIV. 5779 (ER), 2019 WL 5682633, at *5 (S.D.N.Y. Nov. 1, 2019).  The Rule 23 Class also satisfies the commonality requirement.  The class members share common questions of fact or law, such as:  1) whether Defendant impermissibly diverted tips from class members to ineligible employees; 2) whether defendants unlawfully kept a portion of gratuities from party packages; and 3) whether Defendants provided deficient wage statements and wage notices.  *See Campos v. Goode*, No. 10 CIV. 0224 DF, 2010 WL 5508100, at *1 (S.D.N.Y. Nov. 29, 2010) (commonality satisfied where Plaintiffs alleged Defendants misappropriated tips); *Huerta v. W. 62 Operating LLC*, No. 16 CIV. 3876 (JPO), 2018 WL 10601810, at *3 (S.D.N.Y. Jan. 11, 2018) (commonality satisfied where raised issues as to whether defendant provided legally sufficient wage statement and wage and hour notices).  Plaintiffs' proposed class also satisfies the typicality requirement.  Named Plaintiffs and the class members are all former or current Ellen's servers.  The claims asserted by both arise from Defendants' alleged policy of diverting tips to tip-ineligible employees sharing, improperly claiming tip credits, and diverting gratuities from party contract.  Where, as here, "Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims," the typicality requirement is met.  *deMunecas v. Bold Food, LLC*, No. 09 CIV. 00440 DAB, 2010 WL 3322580, at *2 (S.D.N.Y. Aug. 23, 2010).  The proposed Rule 23

Class also satisfies Rule 23(a)(4)'s adequacy requirement.  In this case, Plaintiffs' interests are in line with the class, as they share common claims.  See *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (concluding "the fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class.").  Further, as discussed in more detail below, Plaintiffs are represented by adequate counsel; counsel has extensive experience litigating and settling wage and hour class actions.  Dictor Decl. ¶¶ 2–4; Bernstein Decl. ¶¶ 5–7.

Lastly, the proposed Rule 23 Class satisfies Rule 23(b)(3), as "questions of law or fact common to class members predominate over any questions affecting only individual members," and class action adjudication "is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  In this instance, "[c]lass adjudication . . . is superior to individual adjudication because it will conserve judicial resources and is more efficient."  *Alvarez v. Schnipper Restaurants LLC*, No. 16 CIV. 5779 (ER), 2019 WL 5682633, at *6 (S.D.N.Y. Nov. 1, 2019) (quoting *Reyes v. Buddha-Bar NYC*, No. 08 CIV. 02494(DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)).

### 3. Proposed FLSA Class

I also provisionally certify for settlement purposes the proposed FLSA Collective Class. The proposed FLSA Collective Class consists of 91 employees employed by Defendants as tipped servers from December 21, 2010 to December 14, 2020.  Courts within this district have routinely found that "[t]he standard for approving an FLSA settlement is significantly lower than for a Rule 23 settlement because FLSA collective actions do not implicate the same due process concerns as a Rule 23 actions."  *Davenport v. Elite Model Mgmt. Corp.*, No. 1:13-CV-01061-

11

AJN, 2014 WL 12756756, at *8 (S.D.N.Y. May 12, 2014) (internal quotation marks omitted). *See also Flores v. Anjost Corp.*, No. 11 CIV. 1531 AT, 2014 WL 321831, at *6 (S.D.N.Y. Jan. 29, 2014); *McMahon v. Olivier Cheng Catering & Events*, LLC, No. 08 Civ. 8713(PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 10, 2013). Because I conclude Named Plaintiffs have satisfied Rule 23's higher standard for class certification, I find that the Named Plaintiffs have also met the standard provisional certification of the proposed FLSA Collective Class.

### C. *Appointment of Class Counsel, Appointment of Named Plaintiffs as Class Representatives and Administrators*

I appoint Eisner & Dictor, P.C. and Roger J. Bernstein as class counsel. Rule 23(g)(1)(A) requires that district courts consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Based on the work counsel has undertaken to investigate Plaintiffs' claims, (Dictor Decl. ¶¶ 6, 19, 22-23), their efforts in litigating and settling the case, (Dictor Decl. ¶¶ 16-32), and their years of experience litigating similar actions, (Dictor Decl. ¶ 2; Bernstein Decl. ¶ 6), I conclude Eisner & Dictor, P.C. and Roger J. Bernstein meet Rule 23(g)'s requirements. I also appoint Kevin Ray, Brian Esposito, Samuel Ladd, and Jenna Miller as class representatives.

Further, I appoint Rust Consulting as Claims Administrator. Rust Consulting has experience in administering class action settlements and has been approved by courts in this District to administer similar class action settlements. *See Riedel v. Acqua Ancien Bath New York LLC*, No. 14 CIV. 7238 (JCF), 2016 WL 3144375, at *8 (S.D.N.Y. May 19, 2016); *Tavera v. 18 Greenwich Ave., LLC*, No. 1:19-CV-08258 (SDA), 2020 WL 4581721, at *1 (S.D.N.Y.

Mar. 10, 2020). Therefore, I appoint Rust Consulting as Claims Administrator.

### D. *Approval Proposed Class Notice*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Having reviewed the proposed notice, I find that it is the best notice practicable under the circumstances and meets the requirements of due process. The proposed notice also meets all of seven elements enumerated in Rule 23(c)(2)(B).

## V. Conclusion

For the foregoing reasons, Plaintiff's unopposed motion, (Doc. 169), is GRANTED. I hereby set the following settlement procedure:

(1) Within thirty (30) days of the date of this Order, Defendants will provide the Claims Administrator with the Rule 23 Class members and FLSA Collective Class members list and information as provided in the Settlement Agreement.

(2) Within thirty (30) days of Defendants' provision of the Rule 23 Class members and Collective Class members list and information, the Claims Administrator shall mail the Notices.

(3) Rule 23 Class Members will have sixty (60) days from the date the Notice is mailed to opt out of the settlement or object to it.

(4) Plaintiffs will file a motion for final approval of the Settlement Agreement no

  later than fifteen (15) days before the fairness hearing.

(5) The Court will hold a telephonic final fairness hearing on December 17, 2020, at 2:30 p.m.. The parties shall enter the conference by dialing 1-888-363-4749 and entering access code 2682448.

(6) If the Court grants Plaintiff's motion for final approval of the Settlement Agreement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the date thirty (30) days after entry of such Order.

(7) If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval.

(8) The Claims Administrator will disburse settlement checks to the Rule 23 Class members and FLSA Collective Class members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Settlement Administrator's fee as provided in the Settlement Agreement.

(9) The parties shall abide by all terms of the Settlement Agreement.

SO ORDERED.

Dated: September 29, 2020
   New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge