UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAY, BRIAN ESPOSITO, SAMUEL
LADD and JENNA MILLER, on behalf of
themselves and all others similarly situated,

            Plaintiffs,

v.

1650 BROADWAY ASSOCIATES INC. d/b/a
ELLEN'S STARDUST DINER, and
KENNETH STURM, jointly and severally,

            Defendants.

16-cv-09858 (VSB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/2021

# FINAL JUDGMENT

      I held a fairness hearing related to the class action and collective action in the captioned case on February 23, 2021. During that hearing after reviewing the proposed settlement under Rule 23 of the Federal Rule of Civil Procedure and the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and for the reasons I previously stated in my September 29, 2020 Opinion & Order, in which I preliminarily: 1) granted preliminary approval of the Class Action Final Settlement Agreement and Mutual Releases (the "Settlement Agreement"); 2) conditionally certified the proposed classes; 3) appointed the named plaintiffs as class representatives; 4) appointed Eisner & Dictor, P.C. and Roger J. Bernstein as class counsel; 5) approved the proposed Notice of Class and Collective Action Settlement; 6) appointed Rust Consulting as the settlement claims administrator; and 7) scheduled a fairness hearing. (Doc. 175), I granted final approval of the Settlement Agreement and the settlement class.

      However, although class counsel contended that it spent significant effort to achieve the settlement, and asserted that they had worked approximately 753.8 hours of attorney, paralegal and staff time over the last four years working on this case for an aggregate lodestar of

1

approximately $290,880, class counsel failed to provide any contemporaneous time records. During the fairness hearing, I pointed out that "[a]n application for attorneys' fees must be supported by 'contemporaneous time records' that 'specify, for each attorney, the date, the hours expended, and the nature of the work done. *Manley v. Midan Rest. Inc.*, No. 14 CIV. 1693 (HBP), 2017 WL 1155916, at *6 (S.D.N.Y. Mar. 27, 2017 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) ("[A]bsent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications. . . . *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases."). Therefore, I requested that counsel provide contemporaneous time records in support of their request for attorneys' fees. On February 26, 2021, class counsel provided those records. For the reasons that follow, I find that attorneys' fees in the amount of $268,052.50 are fair and reasonable.

As an initial matter, I deduct from Plaintiffs' counsel's attorneys' fees work related to actions before the National Labor Relations Board ("NLRB") and the New York State Department of Labor ("NYS-DOL"). In determining whether attorneys' fees are fair and reasonable, I may exclude "documented hours that [I] deem[] excessive, redundant, or otherwise unnecessary." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) (internal quotation marks omitted). Plaintiffs' counsel requested an award of attorneys' fees inclusive of the time spent litigating separate actions before the NLRB and the NYS-DOL. (Doc. 184 at 26–29). In support of their request, Plaintiffs' counsel cited *Cullen v. Fliegner*, 18 F.3d 96, 105–06 (2d Cir. 1994), for the proposition that "Courts in this circuit generally can consider prior or related administrative proceedings if those proceedings were 'useful and necessary to the litigation.'" (Doc. 184 at 28.) Plaintiffs' counsel failed to acknowledge that the

rule regarding attorneys' fees articulated in *Cullen* applies to "subsequent . . . civil rights litigation." *Cullen*, 18 F.3d at 106 ; *see Local 1180, Commc'ns Workers of Am. v. City of New York*, 392 F. Supp. 3d 361, 380 n.9 (S.D.N.Y. 2019) (internal quotation marks omitted) ("In *Cullen*, the Second Circuit affirmed a district court's award of attorneys' fees for work done in a prior administrative proceeding which was both useful and of a type ordinarily necessary to advance the subsequent civil rights litigation."); *Lewis v. Roosevelt Island Operating Corp.*, No. 16-cv-03071 (ALC) (SN), 2018 WL 4666070, at *7 (S.D.N.Y. Sept. 28, 2018). Plaintiffs' counsel has not demonstrated that this standard applies in the FLSA context. As such, I exclude the work done in preparation for the NLRB and NYS-DOL actions from the awarded fees.

The fees for the work done litigating only the FLSA claims before me – $268,052.50 – are fair and reasonable. There are two methods by which a district court typically calculates reasonable attorneys' fees in a class action: the lodestar method and percentage method. The percentage of recovery method is the trend in this circuit. *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). The awarded attorneys' fees are less than one-third of the settlement fund and in line with judges within this district have awarded. *See Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (noting that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"); *see also, e.g.*, *Clark v. Ecolab*, No. 04 Civ. 4488(PAC), 2010 WL 1948198, at *9 (S.D.N.Y. May 11, 2010) (awarding class counsel 33% of $6 million settlement fund in three FLSA and multi-state wage and hour cases).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is 'reasonable' under the circumstances." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713,

at *13 (S.D.N.Y. Sept. 22, 2015) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)). In analyzing the reasonableness of the fee, a court should be guided by the following factors: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (quoting *Goldberger*, 209 F.3d at 50).

First, as demonstrated by Plaintiffs' counsel's detailed time records, counsel has spent significant time and resources to settle this matter since 2016. Counsel engaged in extensive investigation of Plaintiff's claim. Second, the legal issues involved in this action are complex and difficult to prove. "FLSA claims typically involve complex mixed questions of fact and law. . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Arkansas-Best Freight Sys., In*c., 450 U.S. 728, 743 (1981). Third, continued litigation posed significant risk to counsel. Counsel undertook the litigation on a contingent-fee basis and faced the possibility of recovering no fees given the complexity of the claims and Defendants' counterclaims. Further, the considerable settlement sum in light of the risks posed by Plaintiffs' claims coupled with Plaintiffs' counsel's firm is experience in complex employment litigation, including large-scale wage and hour class and collective actions, demonstrates the quality of counsel's representation. (*See* Dictor Decl. ¶ 67-74; Bernstein Decl. ¶ 2.) As noted above, the requested fee is reasonable in relation to the settlement, as it is in line with what courts in this district routinely approve. Lastly, public policy considerations weigh in favor of granting Plaintiff's counsel's requested fee award. The willingness of experienced counsel to take on private lawsuits helps further the goal

4

of the FLSA and NYLL to protect the wages of workers. Adequate compensation for attorneys who protect those rights by taking on such litigation furthers the remedial purpose of these statutes.

For the reasons state during the fairness hearing, previously stated in my September 29, 2020 Opinion & Order, and stated above,

It is hereby ORDERED and ADJUDGED that:

1. The proposed Fed. R. Civ. P. 23 Class Action and FLSA Collective Action are certified for purposes of implementing the parties Settlement Agreement. The Class Members are the 251 present and former servers employed by and identified by defendants.

2. The Court finds that the Settlement Agreement and its terms are fair, reasonable, adequate, and binding on all Class Members and Defendants.

3. All claims by the Class Representatives in the Amended Complaint, all Counterclaims asserted by Defendants in their Answer and Counterclaims, and all claims of Class Members in the Amended Complaint are dismissed with prejudice.

4. Plaintiffs' counsel are awarded Attorneys' Fees in the amount of $268,052.50 and reimbursement of Costs in the amount of $5,567.69, to be paid in two equal installments from the $1,450,000 Settlement Fund as set forth below.

5. The defendants shall pay the $1,450,000 Settlement Fund to the Settlement Claims Administrator in a First Installment of $725,000.00 and a Second Installment of $725,000.00. The First Installment shall be delivered to the Settlement Claims Administrator 30 days after the date of this Final Judgment, unless a Notice of Appeal has been filed, and the Second Installment shall be delivered to the Settlement Claims Administrator six months after the date for delivery of the First Installment.

6. From the First Installment, the Settlement Claims Administrator shall pay one half of the Service Awards of $5,000 to each Class Representative as described in the Settlement Agreement and one half of the Attorneys' Fees and Costs to Plaintiffs' counsel; the remaining amount of the First Installment shall constitute the first half of the Net Settlement Fund defined in the Settlement Agreement.

7. From the first half of the Net Settlement Fund, the Settlement Claims Administrator shall prepare and distribute Settlement Checks to the Class Members in accordance with the terms of the Settlement Agreement.

8. From the Second Installment, the Settlement Claims Administrator shall pay one half of the Service Awards of $5,000 to each Class Representative as described in the Settlement Agreement and one half of the Attorneys Fees and Costs to Plaintiffs' counsel, less the amount due to the Settlement Claims Administrator for its services. The remaining amount of the Second Installment shall constitute the second half of the Net Settlement Fund as defined in the Settlement Agreement.

9. From the second half of the Net Settlement Fund, the Settlement Claims Administrator shall prepare and distribute Settlement Checks to the Class Members in accordance with the terms of the Settlement Agreement.

10. The Settlement Claims Administrator shall provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks, shall retain copies of all of the e-cashed Settlement Checks with releases, and at appropriate times shall provide Defendants' Counsel with the original or copies of the cashed Settlement Checks with releases.

11. The Court retains jurisdiction for the purpose of overseeing compliance with the terms of the Settlement Agreement.

Dated: New York, New York
      May 28, 2021

*[signature]*
Vernon S. Broderick
United States District Judge