```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEVIN RAY, BRIAN ESPOSITO, SAMUEL                           :
LADD, and JENNA MILLER, Individually                        :
and on Behalf of Others Similarly Situated,                 :
                                                            :           16-CV-9858 (VSB)
                                      Plaintiffs,           :
                                                            :                **ORDER**
              - against -                                   :
                                                            :
                                                            :
                                                            :
1650 BROADWAY ASSOCIATES INC. d/b/a                         :
Ellen's Stardust Diner and Kenneth Sturm,                   :
Jointly and Severally,                                      :
                                                            :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

Having reviewed Plaintiffs' letter and affidavit regarding the settlement agreement approved in this class action, (Doc. 192),[1] it is hereby ORDERED that

   a. Defendants shall provide to Plaintiffs' counsel and the Settlement Administrator the most current mailing address for the following class members:  Jennifer Bergum, Zach Carter, Megan Dwinal, Jonathan Fleites, Preston Hammond, Daniel Hersh, Nathan Hilger, Brandy Massey, Gabrielle Saramango, Morgan Smith, Ryan Smith, David Socolar, Paul Williams, Jennifer Agate, Zach Carter, Christopher Mauro, Matt Patterson, Carly Kincannon, and Sabrina Surace (the "Nineteen Class Members");

   b. The Settlement Administrator shall mail checks to the Nineteen Class Members for the after-tax amounts still due to them (unless the Settlement Administrator's records

---

[1] Any capitalized terms not defined herein take on the same meanings provided in my May 28, 2021 Final Judgment. (Doc. 188.)

    show receipt and cashing of both settlement checks), said checks to have a void date sixty days from the date of their being mailed;

c. No later than ninety days after the mailing of said checks, Plaintiffs' counsel shall file a letter, supported by an affidavit from the Settlement Administrator, as to whether said checks were received and deposited by the Nineteen Class Members, along with information stating i) how many estimated total members of the class were eligible to receive payments under the settlement agreement; ii) how many class members did receive payments; iii) how much of the settlement fund remains; iv) what steps, if any, could be taken to disburse those settlement funds to class members; and v) the propriety of making a *cy pres* distribution of any remaining settlement funds; and

d. The Settlement Administration shall provide counsel for all parties with confirmation of distribution of the remaining settlement fund.

SO ORDERED.

Dated: June 21, 2022
    New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge